IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ANTOINE LUSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-339-SPB-RAL |
| ) | |
| MARK K. WILLIAMS, ACTING ) | |
| WARDEN FCI McKEAN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

The petition for a writ of habeas corpus in this case was received by the Clerk of Court on October 26, 2018 and filed of record on November 20, 2018, after the Petitioner paid the requisite filing fee. ECF Nos. 1 and 4. Respondent filed his answer to the instant habeas petition on February 27, 2019. ECF No. 13. On March 12, 2019, the matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF Nos. 15.

On April 14, 2020, Magistrate Judge Lanzillo issued an R&R recommending that the within petition be dismissed for lack of subject matter jurisdiction. ECF No. 19. The Magistrate Judge opined that Petitioner had neither articulated a basis for relief under 28 U.S.C. §2241 nor shown that relief under §2255 would otherwise be ineffective or inadequate, as set forth in *In re Dorsainvil,* 119 F.3d 245 (3d Cir. 1997).

Petitioner filed Objections to the Report and Recommendation on May 4, 2019. ECF No. 20. In his objections, Petitioner contends that the sentencing court lacked jurisdiction over him, and his judgment of conviction was therefore void *ab initio*. Petitioner fleetingly attempts to

1

bootstrap a *Dorsainvil* claim into his petition by arguing that the warden is unlawfully requiring him to pay restitution pursuant to an underlying judgment that is null and void, and he cannot challenge his sentence of restitution through 28 U.S.C. §2255; however, it is apparent from the body of Petitioner's objections (as well as his petition and related filings) that he is essentially attacking the validity of his conviction and sentence.  To that end, Petitioner contends that the government lacked "standing" to prosecute him.  In addition, he asserts that the term "crime of violence," as set forth in §924(c)(3)(B), is unconstitutionally vague and, therefore, the "contextually formulated issue and §924(c)(1)(A) in the context of a 'crime of violence' [was] not ripe for judicial application in the proceedings." ECF No. 20 at 4.  He concludes that it is a "complete miscarriage of justice to continue to deprive [him] of liberty for an ambiguous issue and lack of subject matter jurisdiction by the [sentencing] District Court." *Id.* at 5.  Having carefully reviewed Petitioner's objections, the Court finds them to be meritless.

Accordingly, after *de novo* review of the petition and related documents in the case, together with the Report and Recommendation and Petitioner's objections thereto, the following order is entered:

AND NOW, this 5th day of May, 2020, IT IS ORDERED that the within petition for a writ of habeas corpus be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on April 14, 2020, ECF No. [19], shall be, and hereby is, adopted as the Opinion of this Court.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

                                                                                                         *Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm:

David Antoine Luster
91216-020
FCI- McKean
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701
(via U.S. Mail)

Karen Gal-Or, Esq.  (via CM/ECF)

The Honorable Richard A. Lanzillo (via CM/ECF)